**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HELEN FERGUSON,**

    **Plaintiff,**

v.                                                      **Case No. 8:16-cv-3460-T-23TBM**

**GETTEL ACURA,**

    **Defendant.**
    _____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Plaintiff's Motion for Permission to Appeal In Forma Pauperis and Affidavit** (Doc. 65). Defendant has not filed a response, and the time for doing so has elapsed.

**I.**

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides:

> **(1) Motion in the District Court.** … [A] party … who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> \*\*\*
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious. *Id.* at (e)(2)(A), (B). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.

## II.

Plaintiff Helen Ferguson instituted this action on December 21, 2016. (Doc. 1). Initially, her request to proceed in forma pauperis was deferred, pending the filing of an Amended Complaint. (Doc. 6). On January 9, 2017, this Court granted Plaintiff leave to proceed *in forma pauperis* in the District Court upon consideration of her Amended Complaint. (Doc. 9). A summons to Defendant was issued and provided to the U.S. Marshal for service on January 20, 2017. (Doc. 12).

Beginning in March 2017, Ms. Ferguson began requesting that the Clerk enter default and/or default judgment against Defendant. On six separate occasions, Ms. Ferguson moved for default and/or default judgment. (*See* Docs. 14, 23, 25, 31, 33, 48). Each request was denied. (Docs. 15, 24, 26, 32, 41, 48).

On March 17, 2017, Defendant filed a Waiver of the Service of Summons, signed by Defendant's counsel. (Doc. 21). Therein, counsel indicated his understanding that Defendant must serve a response to the Amended Complaint within sixty (60) days from February 27, 2017. *Id.*[1] Defendant filed its Answer and Affirmative Defenses on April 27, 2017. (Doc. 35).

On May 9, 2017, this Court held a hearing on the matter of Ms. Ferguson's request for default and default judgment. At that hearing, the Court explained that default judgment and the payment of expenses were inappropriate, given that Defendant had filed a Waiver of the Service of Summons and an Answer and Affirmative Defenses. The undersigned entered an Order following the hearing. (Doc. 41).[2] Thereafter, Ms. Ferguson filed another motion for default judgment and asked the Clerk of Court to settle her case. (Doc. 48). On July 3, 2017, the motion was denied. (Doc. 51).

On August 28, 2017, Plaintiff filed a Notice of Appeal, stating, "the reason for [her] appeal is a Judgement Default should have been entered against former employer, Defendant Gettel Acura, a relief awarded to Plaintiff and case should be closed." (Doc. 62). She now seeks to proceed on appeal *in forma pauperis*.

While Plaintiff's Motion and Affidavit evidences an inability to pay the filing fee on appeal, the motion should nonetheless be denied.

As an initial matter, Plaintiff's Notice of Appeal does not "designate the judgment, order, or part thereof being appealed" in accordance with Rule 3 of the Federal Rules of

---

[1] According to defense counsel, the U.S. Marshal mailed the Summons, Amended Complaint, and the Waiver of Service of Summons form to Defendant. His client then turned the documents, including the Waiver form, over to him. By counsel's determination, he had sixty days from February 27, 2017, to serve a responsive pleading.
The docket does not otherwise reflect formal service of process upon Defendant.

[2] Plaintiff then moved to remove the undersigned from this action, claiming among other things, that "the magistrate judge's ruling on all motions ... is clearly erroneous and contrary to the law." (Doc. 42). The motion was denied. (Doc. 45). Plaintiff objected, and the district judge overruled the objection and affirmed the order. (Doc. 46).

Appellate Procedure. *See* Fed. R. App. P. 3(c). Rather, it appears Plaintiff is seeking generally to appeal the Order(s) denying her default and/or default judgment and generally objecting to the way the District Court has handled her case. (*See* Doc. 62 at ¶ 24).

In addition, the Notice of Appeal appears untimely. The most recent Order as to her request for default judgment was entered was on July 3, 2017. (Doc. 51). The Defendant's Notice of Appeal was not filed until August 28, 2017. *See* Fed. R. of App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from").

Moreover, by my consideration, the Court of Appeals lacks jurisdiction to hear the instant appeal. The Order(s) Ms. Ferguson seeks to appeal is not a final, appealable order. *See* 28 U.S.C. § 1291; *see also* Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3914.5 (2d ed.) ("Refusal to enter a default simply sets the stage for continued trial court proceedings and plainly is not final.... Denial of default judgment similarly is not final, for the same reasons."). Nor is it an appealable interlocutory or collateral order, nor has she obtained a certification from the district court as to the legal significance of the rulings he has appealed, as provided in 28 U.S.C. § 1292. *See Scinto v. Preston*, 231 F. App'x 250 (4th Cir. 2007) (where plaintiff appealed denial of motion for default judgment, court dismissed appeal for lack of jurisdiction because order from which appeal was taken was neither a final order nor an appealable interlocutory or collateral order); *Muhammad v. Dale*, No. 06-0315WS-B, 2008 WL 4531767, at *2 (S.D. Ala. Oct. 9, 2008).

Even if the merits of Ms. Ferguson's appeal were to be reached, construed liberally,[3] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[4] In this case, Defendant filed a Waiver of Service of the Summons and an Answer and Affirmative Defenses. While Ms. Ferguson disputes that Defendant timely answered the Amended Complaint, she presents no arguable, good faith basis to appeal. And, she alleges no grounds which would support the same. Defaults generally are disfavored and the resolution of a case on its merits is preferred. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (quotation and citation omitted); *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). In addition, "[t]he entry of a default judgment is committed to the discretion of the district court ...." *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)). Because Plaintiff is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order(s) denying her requests for default or default judgment, I find her appeal both frivolous and lacking good faith.

---

[3]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[4]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## III.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY Plaintiff's Motion for Permission to Appeal In Forma Pauperis and Affidavit** (Doc. 65) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.

It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this
5th day of October 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable Stephen D. Merryday, Chief United States District Judge
Counsel of record
*Pro se* Plaintiff