**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HELEN FERGUSON,**

        **Plaintiff,**

**v.**                                             **Case No. 8:16-cv-3460-T-23TBM**

**GETTEL ACURA,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court following a Show Cause hearing conducted January 18, 2018.

For the reasons set forth below, I recommend this action be dismissed.

### I.

The pertinent procedural history of this case is as follows.  Plaintiff, Helen Ferguson, who is proceeding *pro se*, filed her suit against Defendant on December 21, 2016. (Doc. 1).  She filed an Amended Complaint on January 5, 2017, and this Court granted her leave to proceed *in forma pauperis*. (Docs. 8, 9).  The summons issued on January 20, 2017, and was provided to the United States Marshals for service. (Doc. 12).  Thereafter, on six separate occasions, Ms. Ferguson improperly moved for default and/or default judgment against Defendant. (*See* Docs. 14, 23, 25, 31, 33, 48).  Each request was denied. (Docs. 15, 24, 26, 32, 41, 51).[1]

_____

[1]As discussed below, Ms. Ferguson attempted to appeal the denial of entry of default, which was dismissed by the Eleventh Circuit.

Defendant then moved to compel Ms. Ferguson to comply with discovery (Doc. 64), to which Ms. Ferguson objected (Doc. 67).  The Court conducted a hearing on October 24, 2017, but Ms. Ferguson failed to appear.[2]  Thus, on October 31, 2017, this Court ordered Ms. Ferguson to answer certain interrogatories and to produce any and all documents she relies upon in support of her claims or in response to the defenses asserted.  (Doc. 78).[3]

On December 6, 2017, Defendant filed its Motion for Sanctions for Failure to Comply with Discovery Obligation and Court Order.  (Doc. 81).  By the motion, Defendant outlines Ms. Ferguson's failure to comply with this Court's Order of October 31, 2017 (Doc. 78), as well as her failure to appear for her duly-noticed deposition on November 3, 2017.  As sanctions, it asks the Court to dismiss this action with prejudice and award Defendant its attorney's fees and costs incurred for bringing the motion to compel discovery and the instant motion for sanctions.

Plaintiff failed to file a response to the motion for sanctions, and the time for doing so elapsed.  *See* M.D. Fla. R. 3.01(b).

On January 4, 2018, this Court entered a Show Cause Order, directing Ms. Ferguson to appear in person on January 18, 2018, at the United States District Courthouse and to show cause why Defendant's Motion for Sanctions for Failure to Comply with Discovery Obligations and Court Order should not be granted and why this case should not be dismissed.  (Doc. 82).  The

---

[2]The Court called Ms. Ferguson at the appointed time for the hearing.  However, she indicated she would not participate and terminated the call.

[3]On November 8, 2017, she submitted a "response" to the Order reiterating many of the same arguments the Court has rejected previously and stating she is "not compelled with 'Discovery' or to participate in any proceedings in the US District Court, Middle District of Florida (Tampa)."  (Doc. 80).

Show Cause Order further instructed, "Failure to appear at the Show Cause Hearing will result in a recommendation that this action be dismissed and/or sanctions imposed." *Id.*

A Show Cause hearing was conducted on January 18, 2018. Ms. Ferguson failed to appear at the hearing.[4]

However, Ms. Ferguson submitted "Plaintiff's Objections to Show Cause & Notice of Show Cause Hearing...." Therein, she responds that "discovery was not a part of her case;" her cause "should have ended with judgement default being entered against [Defendant] because Defendant failed to respond to the Summons....;" that this Court does not have jurisdiction due to her appeal to the Eleventh Circuit; and she will not be available to appear at the hearing "because her case is no longer in the jurisdiction of the US District Court." She further asserts that if the Court imposes any sanctions, it should be against the Defendants (sic) for submitting false information and telling lies to the courts.

## II.

Initially, the Court again addresses Ms. Ferguson's claim that this Court lacks jurisdiction over her case. On November 1, 2017, the Eleventh Circuit dismissed her appeal for lack of jurisdiction. (*See* Doc. 79). On December 19, 2017, the Eleventh Circuit denied Ms. Ferguson's motion for reconsideration of dismissal. Despite the Eleventh Circuit's dismissal of her appeal, Ms. Ferguson erroneously maintains that the District Court is without jurisdiction. Such is entirely without merit.

---

[4]While noticed to appear at the Show Cause hearing in person, the Court attempted to contact Plaintiff via telephone at the number she provided. Ms. Ferguson failed to answer the telephone call.

In addition, Ms. Ferguson is under the false impression that "discovery is not part of her case" and seemingly as a result she will continue to refuse to participate in discovery or abide by this Court's orders that she respond to discovery.  Once again, Ms. Ferguson's position is meritless.

The Federal Rules of Civil Procedure allow parties to civil litigation to conduct discovery by various methods.[5]  As previously explained to Ms. Ferguson (*see* Doc. 78 at 4), Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

A district court has broad authority under Rule 37 to control discovery.  Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2).  The Rule includes a list of possible sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[5]The Court directs Plaintiff to the Federal Rules of Civil Procedure, including but not limited to Rules 26 through 37 and Rule 45, and Chapter Three of the Local Rules regarding disclosures and discovery.

(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an
order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In addition, Rule 37(d)(1) provides that the "court where the action is pending may, on

motion, order sanctions if: (i) a party ... fails, after being served with proper notice, to appear for

... deposition." Fed. R. Civ. P. 37(d)(1)(A). Sanctions for failure to appear at a duly noticed

deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P.

37(d)(3).

"Instead of or in addition to [such a sanction], the court must order the disobedient party,

the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make

an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c); *see also* Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but

also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691

F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether

and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,

1366 (11th Cir. 1997).

Furthermore, a district court is authorized to dismiss a case for failure to prosecute or

failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great

Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate

where "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions

would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).  It is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution.  *See* M.D. Fla. R. 3.10.

### III.

Upon due and thorough consideration of the motion and the pleadings and papers filed in this action, I find that Defendant's Motion for Sanctions for Failure to Comply with Discovery Obligation and Court Order (Doc. 81) should be granted in part and this action dismissed.

While the Court recognizes that Ms. Ferguson is not a trained attorney and is proceeding *pro se*, she is required to follow the Federal Rules of Civil Procedure and Orders of this Court. Her needlessly obstructive behavior, lack of cooperation, and defiance cannot be countenanced.

Plaintiff has evidenced a complete lack of interest in participating in the prosecution of her claims despite efforts by the Court and defense counsel to engage her.  Rather, Ms. Ferguson appears only willing to participate in this action as she deems fit and continues to reiterate arguments that have been rejected by the Court.

This Court ordered Ms. Ferguson to answer certain interrogatories and to produce any and all documents Plaintiff relies upon in support of her claims or in response to the defenses asserted. (Doc. 78).  Ms. Ferguson has failed to comply with the Order and has failed to present any valid basis for her failure to comply or otherwise participate in discovery.  Pursuant to the Court's Case Management and Scheduling Order, discovery was to be completed by December 11, 2017.  (Doc. 59).

Further, Ms. Ferguson failed to appear for her deposition on November 3, 2017. (*See* Doc. 81 at 17).[6] She has presented no justification for her failure to appear.

In addition, she has twice failed to appear for hearings duly noticed by the Court. First, she refused to participate in the hearing on Defendant's Motion to Compel Discovery. And, significantly, Ms. Ferguson failed to appear at the Show Cause hearing, despite this Court's Order that she do so and an explicit warning that failure to appear will result in a recommendation that this action be dismissed and/or sanctions imposed. In her response to the Show Cause Order, she presents no reason for her failure to attend, other than her erroneous assertion that her case is no longer within the jurisdiction of the Court.

At no point in the litigation has Plaintiff made any showing of good cause to justify her failure to participate in this action, participate in discovery, or prosecute her claims. Further, the Court has no confidence that another order of the Court directing Plaintiff's participation will result in the advancement of this cause. Plaintiff's conduct related to discovery matters evidences willful and highly obstructive conduct, which is seriously prejudicial to Defendants' preparation. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal due to her failure to prosecute, failure to participate in discovery, and failure to abide by Court Orders. To recommend otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct. In sum, I find the circumstances of this case sufficiently egregious to merit dismissal.

---

[6]Ms. Ferguson objected to the subpoena for deposition, but did not move for a protective order or otherwise seek relief from having to appear. (*See* Doc. 77).

7

Accordingly, I **RECOMMEND** that this action be dismissed with prejudice.

Respectfully submitted this
18th day of January 2018.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Honorable Steven D. Merryday, Chief United States District Judge
Counsel of record
*Pro se* Plaintiff